### R. W. THOMSON v. THE STATE.

No. 3429.    Decided February 21, 1906.

**1.—Murder in the Second Degree—Charge of Court—Deadly Weapon—Statutes Construed.**

Where upon trial for murder the evidence showed that the knife with which deceased was cut, was a small one-bladed barlow pocket knife, and that said cuts at the time they were inflicted were serious but not deadly, but that death nevertheless resulted therefrom; the court erred in not submitting a charge under articles 717 and 719, Penal Code, on the character of weapon used in the killing; and the jury should have been instructed that if they believed the instrument used in the homicide was not likely to produce death, that they must find from the manner of the use of said knife that it was the evident intention of defendant to take the life of deceased, before they could find him guilty of any grade of felonious homicide.

**2.—Same—Threats—Apparent Danger.**

While threats made in the course of the difficulty need not be charged upon, yet where the facts show that defendant and deceased had been traveling together prior to the difficulty, and the threats of deceased were communicated directly to defendant some time prior to the difficulty, it was error not to have charged on the law of threats, in connection with the charge on apparent danger.

**3.—Aggravated Assault—Definition of Dealdly Weapon.**

Upon a trial for murder where the evidence showed no premeditated design on the part of defendant, and that the wounds inflicted by him on deceased were made

with a small pocket knife it was error to charge aggravated assault on the ground of premeditated design; and the court should have defined a deadly weapon.

Appeal from a conviction of murder in the second degree; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*W. C. Halbert, J. F. Taulbee, W. K. Makemson, Harry Graves* and *Banks, Cox & Hair,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of murder in the second degree and his punishment fixed at five years confinement in the penitentiary.

Appellant insists that the court erred in failing to submit to the jury the question of the intent to kill, because if the weapon used was not a deadly weapon defendant could not be convicted of any degree of felonious homicide, unless it evidently appeared that the defendant intended to slay. The evidence shows that deceased was cut on the side of the neck, through the skin, in two or three places; and four or five smaller cuts running into the larger ones, about one-half inch in length. The cuts were serious but not deadly, as the physician testified. Deceased was found sometime after the injuries were inflicted, and died about a half-hour after being found. Appellant testified that he cut deceased with a pocket knife in self-defense. The knife with which appellant testified he cut deceased was a small one-bladed barlow pocket knife. We think this evidence called for a charge on the character of weapon used in the killing under articles 717 and 719, Penal Code. We further hold that the court should have distinctly instructed the jury that if they believed the instrument used in the homicide was not likely to produce death, in that event before they could find defendant guilty of any grade of felonious homicide, they were required to find that from the manner of the use of said knife, it was the evident intention of appellant to take the life of deceased. Perrin v. State, 9 Texas Ct. Rep., 533; Posey v. State, 9 Texas Ct. Rep., 365.

Appellant further insists that the court should have charged on the law of threats, in connection with the charge on apparent danger, because it was an issue raised by the evidence. The testimony in reference to this matter suggesting threats is, as follows: "Deceased said to me, 'What did you push me out of the hack for?' Defendant replied, 'I did not push you out,' and he said he knew damn well I did. He seemed pretty mad about it. Deceased commenced to abuse me again, asked me why I pushed him out of the hack. He said he had a good mind to mash that frying pan on my head. I did not pay much attention to the frying pan incident, as he threatened me a

good deal with what he would do so and so. He abused me again, and there was a lady there, and I told him to hush. At one time deceased said he was going to push me out of the hack. At another time that he was a good mind to whip me." All of these statements were made prior to the difficulty. "At the time of the difficulty, deceased again asked me what I pushed him out of the hack for. I denied it, and he said, 'I know you did do it, and by God I am going to kill you for it,' and reached down for a butcher knife, and as he came up I grabbed him." The evidence in regard to this matter shows that deceased and appellant started from Bell County in the hack, and were traveling through Williamson County together, at the time of the homicide. Appellant insists that deceased fell out of the hack and accused him of pushing him out, and made a threat to knock appellant in the head with the frying pan and various other things. We held in Hancock v. State, 11 Texas Ct. Rep., 607, that threats made in the course of a difficulty need not be charged upon. However, the facts in this case show that appellant and deceased had been traveling sometime together prior to the difficulty, and the threats of deceased were communicated directly to appellant sometime prior to the difficulty. If these threats had been communicated to defendant by third parties, the length of time prior to the difficulty here shown, there could be no question as to their admissibility. Then we can see no just reason why, with greater force and greater reason they should not be admissible when the threats were made to defendant himself. They were not made in the course of the difficulty, but sometime prior thereto; and being so made, we take it, that they were admissible in the trial of this case. Swain v. State, 12 Texas Ct. Rep., 812; Fielding v. State, 13 Texas Ct. Rep., 618; Armsworthy v. State, 13 Tex. Ct. Rep., 697.

We further hold that the court should not have charged the jury to convict defendant of aggravated assault on the ground of premeditated design, because there is no evidence in the record we have discovered, raising such an issue. On another trial we suggest that the court should define what is a deadly weapon.

We have carefully reviewed all of appellant's assignments of error, and do not think any of them authorize a reversal of this case other than those above discussed. For the reasons indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*