## MARCELLUS PENTON V. THE STATE.

### No. 3776. Decided April 15, 1908.

**Manslaughter—Charge of Court—Threats.**

Where upon trial for murder the evidence showed that the deceased shortly before the homicide, in the presence of the defendant, made threats against the defendant, it was reversible error to fail to charge on the doctrine of threats, in connection with self-defense.

Appeal from the District Court of Bowie. Tried below before the Hon. P. A. Turner.

Appeal from a conviction of manslaughter; penalty, five years in the penitentiary.

The opinion states the case.

*Hart, Mahaffey & Thomas,* for appellant.—On question of threats; Alexander v. State, 25 Texas Crim. App., 260; Mitchell v. State, 50 Texas Crim. Rep., 180; 96 S. W. Rep., 43.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of manslaughter and his punishment assessed at five years confinement in the State penitentiary.

The only question we deem necessary to review is the seventh assignment of error, wherein appellant complains that the court erred in not charging the law applicable to threats. Appellant insists that the evidence suggests this issue. The facts show that an hour or more prior to the homicide, deceased and appellant, both being negroes, were at a dance; that appellant was cursing in the house where the dance was in progress and the deceased remarked to him, "If you do not stop cursing in here, I will put it to you and put it hard." The appellant and deceased had no difficulty then. Sometime after this statement by deceased to appellant, appellant came to the door where the dance was in progress and asked Tom Williams to loan him his knife to peel an orange or an apple. Deceased, who was standing nearby drew his pistol and said, "God damn him, let him have it and I will make him eat it." As stated above, some time after these statements were made by deceased to appellant, appellant was standing by a fire in the yard about 1 o'clock at night, when the deceased came out, and the State's evidence shows, appellant struck him with an axe on the head, knocked him down and then stood over him, making the statement as he struck him again, "I will kill you and pay for it." Some of the witnesses say that this last statement was made by appellant as he ran off. Appellant contends that deceased came out to the fire in company with a third party, which third party walked up and looked in his face and

told deceased who he, appellant, was and deceased drew his pistol and shot at him and that then it was when he, appellant, struck deceased with an axe. Appellant admits he does not know how many blows were struck but claims that all the licks were in self-defense. The court charged every possible phase of murder in the first and second degree and manslaughter. There are various criticisms of the court's charge, but we deem it necessary only to pass upon that ground of the motion which insists that the court erred in failing to charge on the doctrine of threats. In the light of the above statement of the evidence on this question, we think appellant's contention is correct. If the danger was apparent at the time appellant struck deceased, then if the court had properly charged on threats it would have strengthened appellant's defense. The danger being real, it would also strengthen the truthfulness of his defense. This question has been so repeatedly passed on we do not deem it necessary to cite authorities.

For the error of the court in failing to charge on threats, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*