## Leroy Collins v. The State.

No. 6057.   Decided January 12, 1921.

1.—Murder—Charge of Court—Threats—Rule Stated—Self-defense.

The rule seems to be well settled that if there is evidence of communicated threats and of an overt act by deceased at the time of the homicide, not amounting to an actual attack, the court should charge the jury affirmatively on the law of threats in connection with self-defense.

2.—Same—Threats—Charge of Court—Self-defense.

Threats made an hour or more before the fatal difficulty are not regarded as threats made during the difficulty, where the difficulty was not continuous, and a charge thereon is necessary.  Following Thomson v. State, 49 Texas Crim. Rep., 384, and other cases.

3.—Same—Case Stated—Threats—Charge of Court.

Where upon trial of murder ill-feeling existed between the parties and the deceased made threats prior to the shooting of which appellant was aware and anticipating this he went home and got his shotgun, and that deceased advanced upon him, etc., although this was denied by the State's testimony, the court should have submitted a charge on communicated threats.

Appeal from the District Court of Taylor.   Tried below before the Honorable W. R. Ely.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—Appellant and deceased were young negroes working on a cotton wharf.  There came ill-will between them, and the evidence indicates that deceased was the aggressive party in these matters.  On the day of the killing the deceased had made two attacks upon appellant, one with a knife and the other with a sledge hammer as the witnesses call it, weighing about three or four pounds.  He was made to desist in both attacks.  Appellant in the latter attack moved away from the deceased rapidly in order to avoid being struck.  In following appellant deceased remarked that he would knock his G—d— brains out, and when he was ordered not to strike with the hammer he left stating that he was going to get his pistol and kill the appellant.  This was communicated to appellant. Appellant immediately left, went to his boarding place, got a shotgun and returned.  About the time or just prior to the return of appellant

deceased came back. They met upon the platform and appellant shot and killed deceased. The evidence for the State does not show a justification for the killing, and from the State's standpoint the verdict of manslaughter would be justified. This all happened in a short time from the time the threat was made by deceased against appellant. The time elapsing seems not to have been over an hour from the time deceased made the first assault and the time of the killing. That both deceased and defendant left the platform immediately after the hammer transaction seems to be practically conceded by the facts. The State's testimony is to the effect that at the time deceased was shot he was not advancing upon appellant, though walking in his direction. A legitimate deduction from the State's testimony would be that he was not advancing upon appellant with any unlawful design. The testimony for appellant *is directly the reverse.* There is testimony from various witnesses to the effect that when appellant came in sight with the gun deceased was notified, and advanced towards him, and threw his hand to his hip-pocket. Some of the witnesses state that deceased said at the time that he did not propose to run from appellant. These matters have been stated in a general way, rather in substance than in detail.

The most serious question presented is the failure of the court to charge the law with reference to threats. An exception was reserved to the court's charge for such failure and special instructions were requested and refused. We are of opinion that the court was in error. The rule seems to be well settled that if there is evidence of communicated threats and of an overt act by deceased at the time of the homicide not amounting to an actual attack, the court should charge the jury affirmatively on the law of threats in connection with self-defense. For collation of authorities see Branch's Ann. P. C., 2083. But where the danger is actual the authorities are to the effect that it is not necessary to charge the law of threats in connection with self-defense, but that is only where the danger is actual and not apparent or threatened. Penton v. State, 53 Texas Crim. Rep., 323, is authority for this statement. Threats made an hour or more before the fatal difficulty are not regarded as threats made during the difficulty, where the difficulty was not continuous; and it has also been held that the fact that threats were made direct to the defendant will not excuse the court from charging the law of threats in connection with self-defense, where such threats were made prior to the difficulty. Thomson v. State, 49 Texas Crim. Rep., 384; Penton v. State, 53 Texas Crim. Rep., 323. Proof that threats made by deceased were communicated to the defendant may be made by any person wh heard the communication, citing Logan v. State, 17 Texas Crim. App., 58. Nor is it necessary that the statement of deceased be tantamount to a direct threat against defendant if it showed the state of mind or animus of deceased toward the defendant. Bethune v. State, 49 Texas Crim. Rep., 166; Bradley v. State, 60 Texas Crim. Rep., 402; Jennings v. State, 60 Texas Crim.

Rep., 424; McMillan v. State, 65 Texas Crim. Rep., 319, 143 S. W. Rep., 1174. This case was one of ill-feeling, acts of and threats by deceased against the appellant. Deceased seems to have been somewhat aggressive in manifesting his feeling and opposition to appellant. These threats were made prior to the shooting, and appellant was made aware of the threats and knew about them, and anticipating this he went home and got his shotgun. Deceased had stated that he was going to kill appellant, and when interfered with when seeking to use the hammer he left and said he was going home to get his pistol. We are of opinion under these circumstances threats are in the case and the court should have charged that issue to the jury.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*